Good morning, David Lawrence III, Assistant Solicitor General here on behalf of Defendant That is because first the District Court lacked jurisdiction over this action under the Domestic Relations Exception to Federal Jurisdiction. It is well established that federal courts lack the power to issue, among other things, child custody decrees. It is equally well established that a plaintiff cannot avoid this bar by reframing their claim as one for damages for alleged violations of the Constitution. Are the domestic proceedings still proceeding in the state court? Yes, they are, Your Honor. There is a trial of the custody matter scheduled for February 15th and 16th of this year. It's just over custody? Yes, Your Honor. If the federal courts did have jurisdiction over this action, they would be required to abstain from hearing it under the doctrine of Younger v. Harris. All three requirements for such abstention are met here. First, there is a pending state proceeding, that is the child custody proceeding. Second, the state proceeding implicates an important state interest. Was Younger v. Harris raised before the District Court? I didn't see it. It was raised by us below in a letter seeking a pre-motion conference. But the District Court didn't deal with Younger v. Harris? The District Court did not address it, but it's well established, of course, that this court can't affirm on any ground for which there's a basis in the record. Third, the state proceeding affords the plaintiff an adequate opportunity to raise their constitutional claims. The plaintiff here could raise her constitutional claims in the family court proceeding and could seek leave to appeal to the appellate division to also raise her constitutional claims there. Is the appeal to appellate term or to the appellate division? It would be the appellate division, Your Honor. This action is also barred because Judge Spinner has absolute judicial immunity here. All of his alleged wrongful acts are judicial in nature. That includes his removing the child from the plaintiff's custody, limiting her visitation rights to the child, ordering that the plaintiff undergo a psychiatric evaluation, and deciding to hold the custody hearing on an emergency basis. Finally, the District Court correctly denied leave to amend the complaint as futile. That is because there is no indication that upon amendment the plaintiff could avoid the jurisdictional abstention and immunity grounds that bar her action. In conclusion, this court should affirm the judgment dismissing the complaint without prejudice. Thank you. Thank you. Good morning. May it please the court. Matthew Flanagan on behalf of defendant appellee Mary Beth Daniels. I have little to add to Judge Skinner's arguments other than to point out that as a law guardian, Ms. Daniels is entitled to quasi-judicial immunity, and she is immune from retaliatory lawsuits such as this one. But the court need not reach that because, as my colleague pointed out, the court lacks jurisdiction. As the lower court correctly held, based upon the domestic relations exception to federal jurisdiction, and also, although not addressed by the lower court in the sua sponte dismissal, the younger abstention doctrine also bars the plaintiff's lawsuit. If there are no questions, we'll rest. Is it clear that it was without prejudice? Correct, Your Honor. Initially, the judge had dismissed it with prejudice, and the lower court amended the judgment to reflect that it was without prejudice. So the order of April 28th said with prejudice, right? Correct, but there was a subsequent order and judgment, and the dismissal ultimately was without prejudice. The lower court corrected that on its own. Thank you both. Thank you. We'll reserve decision. That's the last case on calendar. Please adjourn court. Court is adjourned.